UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION

| | |
|---|---|
| SHANE MORTON,<br><br>　　Plaintiff,<br><br>v.<br><br>IQ DATA INTERNATIONAL,<br><br>　　Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:21-cv-00396<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Shane Morton ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of IQ Data International ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Michigan Occupational Code ("MOC") pursuant to M.C.L. §339.901.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Michigan and Defendant conducts business in the Western District of Michigan.

1

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age and who is a "consumer" as the term is defined by 15 U.S.C. §1692a(3).

5. Defendant is a debt collection agency with its principal place of business located at 21222 30th Drive SE, Suite 120, Bothell, Washington 98021.

## FACTS SUPPORTING CAUSE OF ACTION

6. After moving out of his unit at York Creek Apartments in Grand Rapids, Plaintiff was charged a balance of $1,705 for carpet and countertop replacements ("subject debt").

7. Thereafter, Defendant acquired the right to collect on the defaulted subject debt.

8. On April 7, 2020, Defendant began placing phone calls to Plaintiff's cellular phone in an attempt to collect on the subject debt.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number (616) XXX-2150.

10. Plaintiff explained to Defendant that he is unemployed and he can't pay the debt at this time and requested Defendant to cease calling his cellular phone.

11. On April 8, 2020, Plaintiff answered *another* call from Defendant and requested Defendant to stop calling his cellular phone once again.

12. Notwithstanding Plaintiff's request that Defendant cease contacting him, Defendant continued its phone harassment campaign by placing an additional 3 calls on April 8, 2020.

13. On February 5, 2021, Plaintiff told Defendant that he was now being represented by an attorney and reinforced his request to stop being called.

14. Defendant told Plaintiff that he did not believe him and continued harassing the Plaintiff with repeated phone calls attempting to collect the subject debt.

15. Moreover, Defendant continued to place calls periodically through the present date.

**DAMAGES**

16. Defendant's misleading and deceptive collection conduct has severely disrupted Plaintiff's daily life and general well-being.

17. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

18. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

19. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

25. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

27. Defendant violated 15 U.S.C. §§1692c(a)(1), c(a)(2), d, and d(5) through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

28. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after Plaintiff demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

29. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of irritating and harassing him.

30. Defendant was notified by Plaintiff that its calls were unwelcomed and harmful. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

31. Defendant violated §1692c(a)(2) when after it was made clear by the Plaintiff that he was being represented by counsel, the Defendant continued to harass the Plaintiff though repeated phone calls that oppressed and abused the Plaintiff.

    b. **Violations of FDCPA § 1692d**

32. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt.

4

Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to his cellular phone.

33. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were unwelcomed.

34. Moreover, despite Plaintiff's pleas that he was unable to make any payments at this time due to financial hardship, Defendant ignored his requests, and continued to place unsolicited calls to his cellular phone with the intent to annoy, abuse, and harass Plaintiff into making a payment on the subject debt.

35. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

**WHEREFORE**, Plaintiff SHANE MORTON respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. §339.901(f) as he is a person that is obligated or allegedly obligated to pay a debt.

38. Defendant is a "collection agency" as defined by M.C.L. §339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

39. The subject debt is a "claim" or "debt" as defined by M.C.L. §339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

  **a. Violations of M.C.L. §339.915(n)**

40. The MOC, pursuant to M.C.L. §339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or placed which are known to be inconvenient to the debtor.

41. Defendant violated the MOC when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff numerous times after he demanded that it stop. This repeated behavior of calling Plaintiff's phone in spite of his demands in an attempt to collect a debt was harassing and abusive. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, has caused Plaintiff to feel oppressed.

42. Plaintiff told Defendant that its calls to him were unwelcomed and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and placed which were known to be inconvenient to him.

**WHEREFORE**, Plaintiff SHANE MORTON respectfully requests that this Honorable Court:

a. Declaring Defendant's phone calls to Plaintiff to be in violation of the MOC;

b. Enjoining Defendant from further contacting Plaintiff, pursuant to the M.C.L. §339.916(1);

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. §339.916(2)

d. Awarding Plaintiff statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. §339.916(2);

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 10, 2021                                             Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Omar T. Sulaiman. Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com